# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARAH LADONNA MARTIN,<br>**Surviving Spouse of Charles Martin, Deceased,**<br>**Individually and as Natural Mother of Amanda**<br>**Martin, a Minor, and Bryon Martin, and**<br>**Brandy Chatfield,**<br><br>Plaintiffs,<br>v.<br><br>SPARTAN LIGHT METAL PRODUCTS, INC.,<br>a Corporation,<br><br>Defendant. | Case No: 07-CV-0523-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Sarah LaDonna Martin ("Martin"), the surviving spouse of Charles Martin, deceased, individually and as natural mother of Amanda, Bryon and Brandy, the children of Sarah and Charles Martin, commenced this action against Spartan Light Metal Products, Inc., a corporation ("Spartan, Inc."), on July 19, 2007, in order to recover for the wrongful death of their husband and father and for the aggravating circumstances of his death. The action now proceeds on Martin's First Amended Complaint, filed August 2, 2007.

Before the Court is Spartan, Inc.'s, motion for summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which claims that Martin has sued the wrong party. For the reasons that follow, Spartan, Inc.'s, motion is granted.

On or about February 1, 2007, Charles Martin, an employee of Mexico Heating Company, Inc., was engaged in welding to repair or replace sheet metal ductwork at the Spartan Light Metal facility in Mexico, Missouri. A drum of flammable magnesium shavings was left in

1

the vicinity of the area where Mr. Martin was assigned to weld. The magnesium shavings ignited, and Mr. Martin was asphyxiated secondary to inhalation of products of combustion and burns over ninety per cent of his body. Martin filed the instant action against Spartan, Inc., which she alleges owns, operates and controls the Mexico, Missouri facility. However, Spartan, Inc., claims that the facility is owned, operated and controlled by Spartan Light Metal Products, LLC ("Spartan, LLC").

Pursuant to Rule 56(c), summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).** In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001); *Miranda v. Wisconsin Power & Light Company*, 91 F.3d 1011, 1014 (7th Cir. 1996)**.

Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. ***Oest v. IDOC*, 240 F.3d 605, 610 (7th Cir. 2001); *Moore v. J.B. Hunt Transport, Inc.*, 221 F.3d 944, 950 (7th Cir. 2000).**

Spartan, Inc., contends that it does not own or in any way control the Mexico, Missouri facility, and as such it cannot be held liable for injuries that occurred as a result of the

negligence of the owner and operator of the facility that controlled the conditions or conduct alleged to have caused Mr. Martin's injuries and death.

Martin contends that the Mexico, Missouri facility is owned and controlled by Spartan, Inc. As evidence, Martin provides several exhibits, the most compelling of which are the following: 1) contact information acquired from Spartan, Inc.'s, website indicating "three locations to serve you," including the Mexico, Missouri facility; 2) a Missouri Certificate of Tax Clearance, indicating that the address for "Spartan Light Metal Products Company of Missouri" is in Sparta, Illinois; 3) a Certificate of Rescission, indicating that Spartan Light Metal Products, Inc., using in Missouri the name "The Spartan Light Metal Products of Missouri, Inc., was restored to good standing on the records of the Missouri Secretary of State; 4) preprinted stationery showing addresses for Spartan Light Metal Products in Sparta, Illinois, and in St. Louis, Mexico and Hannibal, Missouri; and 5) a purchase order requisition in which "LLC" is obviously typed onto the preprinted form.[1, 2] (Doc. 13, Exhibits 5-8 and C).

---

[1]Martin has provided no evidence as to when the "LLC" was added to the preprinted form, and the Court will not join Martin in speculating that this is "Curious to say the least, suspicious if one were aggressively advocating." Doc. 13, p. 3.

[2]Martin has also provided the following exhibits: a letter, dated July 19, 2007, from Martin's counsel requesting waiver of service of summons (Exh. 1); a letter, dated August 1, 2007, from Spartan, Inc.'s, counsel indicating that the parties had discussed the instant action and that Spartan, Inc., would waive service (Exh. 2); a letter, dated July 20, 2007, from a defense firm retained by Sentry Insurance to represent Spartan, Inc.'s interest (Exh. 3); and a letter, dated August 29, 2007, from Spartan, Inc.'s, counsel discussing the existence and availability of photographs and videotape of the "incident" (Exh. 4). Martin does not explain how these exhibits are relevant to the issues raised in Spartan, Inc.'s, summary judgment motion (stating only that the charge that Martin had misnamed the defendant came as a surprise), nor does the Court perceive in what way they are relevant to these issues. Spartan, Inc., merely responded to the lawsuit by contacting its insurer, waiving service of summons and investigating the charges. Nothing in these exhibits indicates that Spartan, Inc., waived its right to claim that it was incorrectly named as a defendant or constitutes an admission of ownership and control of

Spartan, Inc., responds that it is an Illinois corporation and neither owned the premises on which the dangerous conditions existed nor controlled the allegedly negligent implementation or administration of any "Hot Work Permit" process at the Missouri facility. Spartan, Inc., provides the warranty deed showing the sale and conveyance of the real estate on which the Mexico, Missouri facility is located to Spartan, LLC, on September 27, 1994. Doc. 12, Exh. 2.

Rick Kulla, Plant Manager of the Mexico, Missouri facility, attests that Spartan, LLC, has manufacturing locations in Mexico, Missouri and Hannibal, Missouri. Doc. 12, Exh. 1, Kulla Affidavit. Spartan, LLC, and Spartan, Inc., are separate organizations with separate manufacturing facilities. *Id*. The only connection between Spartan, LLC, and Spartan, Inc., is that Spartan, Inc., supplies certain administrative and marketing services to Spartan, LLC, services for which Spartan, LLC, bears the expense. *Id*. At the time of Mr. Martin's injury and death, Spartan, LLC, operated the facility; implemented and controlled all plant practices and procedures; controlled the use, location and configuration of drums used for the collection of magnesium shavings; implemented and administered all processes and procedures to educate and warn vendors; implemented and administered the "Hot Work Permit" process; operated and controlled the machines in use; and determined the placement of and administered the fire extinguishers. *Id.*

Edward E. Bean, Chief Financial Officer of Spartan, Inc., attests that Spartan, LLC, which has manufacturing facilities at Mexico, Missouri and Hannibal, Missouri, and Spartan, Inc., which has its only manufacturing facility in Sparta, Illinois, are separate

---

the premises at issue.

organizations with separate manufacturing facilities. Doc. 12, Exh. 2, Bean Affidavit. Spartan, Inc., did not possess and had no right to possess any portion of the Spartan, LLC, facility located in Mexico, Missouri. *Id.* Spartan, Inc., supplies certain administrative and marketing services to Spartan, LLC, for which Spartan, LLC, bears the expense. *Id.* Spartan, LLC, owns no shares in Spartan, Inc., but Spartan, Inc., has a minority ownership interest in Spartan, LLC. *Id.*

Andrew Masterson, President and Chief Operating Officer of Spartan, Inc., attests that Spartan, Inc., did not operate the Spartan, LLC, facility in Mexico, Missouri at the time of Mr. Martin's injuries and death. Doc. 12, Exh. 3, Masterman Affidavit. Spartan, Inc., did not control the condition of the premises at the Mexico, Missouri facility; did not determine the use or placement of any drums of magnesium shavings; did not determine the manner in which these drums would be covered or guarded; did not authorize, implement, enforce or administer any "Hot Work Permit" procedure; did not requisition the work undertaken by Mr. Martin; did not control the production schedule; did not control the placement of fire extinguishers; did not oversee Mexico Heating's or Charles Martin's activities; and did not control the location of telephones. *Id.*

In an attempt to make straight an admittedly convoluted path, the Court has carefully reviewed the evidence presented and finds that Spartan Light Metal Products, Inc., and Spartan Light Metal Products, Inc., using in Missouri the name "The Spartan Light Metal Products Company of Missouri, Inc.," are incorporated in the State of Illinois, with a business address in Sparta, Illinois. Spartan, Inc., has its only manufacturing facility in Sparta, Illinois. Spartan, LLC, is incorporated in the State of Missouri and owns, operates and controls the Mexico, Missouri facility at which Mr. Martin's injuries and death occurred.

Only two items of evidence submitted by Martin are not explained by these conclusions: Spartan, Inc.'s, website indicating "three locations to serve you," including the Mexico, Missouri facility, and preprinted stationery showing addresses for Spartan Light Metal Products in Sparta, Illinois, and in St. Louis, Mexico and Hannibal, Missouri. The website and preprinted stationery are insufficient to show that Spartan, Inc., controlled any activities at the Mexico, Missouri facility. Rather, they show, as evidenced by the Kulla and Bean affidavits, that Spartan, Inc., provided certain administrative and marketing services to Spartan, LLC, for which Spartan, LLC, paid.

Spartan, LLC, owns and operates the facility in Mexico, Missouri and implemented, controlled and administered all practices and procedures related to Mr. Martin's injuries and death. Spartan, LLC, has no ownership interest in Spartan, Inc.; however, Spartan, Inc., has a minority ownership interest in Spartan, LLC. Martin has not argued that this minority ownership interest makes it possible for Spartan, Inc., to assert control over Spartan, LLC, and the evidence is to the contrary. Both Mr. Kulla and Mr. Masterman attest that Spartan, Inc., had no control over any of the processes and procedures related to Mr. Martin's injuries and death, in that all of these processes and procedures were controlled by Spartan, LLC, and that Spartan, Inc., only provided administrative and marketing services to Spartan, LLC, for which it was paid. In short, Spartan, Inc., is a separate and distinct entity from Spartan, LLC, which operates the Mexico, Missouri facility. The evidence that the Mexico, Missouri facility is controlled by Spartan, LLC, is overwhelming. Indeed, Spartan, Inc., filed an affirmative defense indicating that it was not the correct named defendant, but that Spartan, LLC, is. Because Spartan, Inc., did not own or operate the premises where Mr. Martin died and did not control any of the practices

6

of procedures alleged to have caused Mr. Martin's injuries and death, Martin cannot recover from Spartan, Inc.

Martin may, however, be able to re-plead her claim here in federal court based upon a theory not presently before the Court, or she may take advantage of the two-year statute of limitations in Missouri for wrongful death and file a civil action in Missouri state court. It appears that Spartan, LLC, cannot be sued in this Court because of lack of diversity of citizenship. Martin may file an amended complaint in this Court within twenty-one days. Absent such a filing, this case will be closed.

No genuine issues of fact remain, and Spartan Light Metal Products, Inc., is entitled to judgment as a matter of law. Accordingly, the Court **GRANTS** Spartan Light Metal Products, Inc.'s, summary judgment motion (Doc. 12). The Clerk of Court **SHALL ENTER JUDGMENT** in favor of Defendant, Spartan Light Metal Products, Inc., and against Plaintiffs, Sarah LaDonna Martin, surviving spouse of Charles Martin, deceased, individually and as natural mother of Amanda Martin, a minor, Bryon Martin and Brandy Chatfield. Dismissal shall be without prejudice, and this Order is not intended to preclude Martin from pursuing her potential claims in state court. The Court issues no statement as to the merit or availability of any such claims.

**IT IS SO ORDERED.**

**DATED this 30th day of January, 2008**

                                                 **s/Michael J. Reagan**
                                                 **MICHAEL J. REAGAN**
                                                 **United States District Judge**